```
UNITED STATES DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

LUMIRAM ELECTRIC CORPORATION,

                         Plaintiff,         VERIFIED ANSWER

          -against-                         Docket No. 08 CIV.
                                            6189
SELECTIVE INSURANCE COMPANY,
                                            No Jury demanded
                         Defendant.

-----------------------------------------X
```

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, SELECTIVE INSURANCE COMPANY OF NEW YORK, hereinafter referred to as ("Selective"), a Write-Your-Own ("WYO") program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended.[1] Selective appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Selective files this Answer and Affirmative Defenses in response to Plaintiffs' Complaint ("Complaint") as follows:

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

---

[1] 42 U.S.C. §4001, *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

1.  The allegations contained in paragraph 1 do not require a response. However, Selective submits that jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. 4072 and 44 C.F.R. Pt. 61, App. A(2), Art. VII(R). Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. 1331. There is no concurrent jurisdiction in state court over claims against the WYO program carrier.[4] Jurisdiction over any state law claims exists pursuant to 28 U.S.C. 1367.

2.  The allegations contained in paragraph 2 are denied for a lack of sufficient information or knowledge to justify a belief therein.

3.  The allegations contained in paragraph 3 are denied for a lack of sufficient information or knowledge to justify a belief therein.

4.  The allegations contained in paragraph 4 are denied for a lack of sufficient information or knowledge to justify a belief therein.

5.  The allegations contained in paragraph 5 are admitted.

6.  The allegations contained in paragraph 6 are admitted only to the extent that LUMIRAM ELECTRIC CORPORATION (LUMIRAM) had a Standard Flood Insurance Policy ("SFIP") in effect from October 14, 2006 to October 14, 2007. This policy was issued through Selective, numbered FLD 1131115, and underwritten by the NFIP. All other allegations are denied. Further, Selective submits that the SFIP contains many terms and conditions. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied.

---

[4] See *Seibels Bruce Insurance v. Deville Condominium Association, Inc.*, 786 So. 2d 616 (Fla. Dist. Ct. App. 1st, 2001). Here, the court vacated and reversed an $800,000 jury award for lack of subject matter jurisdiction.

7.      The allegations contained in paragraph 7 are admitted only to the extent that LUMIRAM ELECTRIC CORPORATION (LUMIRAM) had a Standard Flood Insurance Policy ("SFIP") in effect from October 14, 2006 to October 14, 2007. This policy was issued through Selective, numbered FLD 1131115, and underwritten by the NFIP. All other allegations are denied. Further, Selective submits that the SFIP contains many terms and conditions. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied..

8.      The allegations contained in paragraph 8 are admitted.

9.      The allegations contained in paragraph 9 are admitted only to the extent that on or about April 15, 2007, LUMIRAM's place of business at 615 Fifth Avenue, Larchmont, New York experienced a flood. Consequently, LUMIRAM suffered some damage. All other allegations are denied as written since these allegations contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

10.     The allegations contained in paragraph 10 are admitted only to the extent that LUMIRAM ELECTRIC CORPORATION (LUMIRAM) had a Standard Flood Insurance Policy ("SFIP") in effect from October 14, 2006 to October 14, 2007. This policy was issued through Selective, numbered FLD 1131115, and underwritten by the NFIP. All other allegations are denied. Further, Selective submits that the SFIP contains many terms and conditions. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied..

11.     The allegations contained in paragraph 11 are admitted only to the extent that LUMIRAM's place of business at 615 Fifth Avenue, Larchmont, New York experienced a flood.

Case 1:08-cv-06189-GBD    Document 8    Filed 08/15/2008    Page 4 of 17

Consequently, LUMIRAM suffered some damage. All other allegations are denied as written since these allegations contain, or call for, a legal conclusion on a substantive issue of law and/or fact. Further, Selective submits that the SFIP contains many terms and conditions. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied.

12.     The allegations contained in paragraph 12 are admitted only to the extent that LUMIRAM's place of business at 615 Fifth Avenue, Larchmont, New York experienced a flood. Consequently, LUMIRAM suffered some damage. All other allegations are denied as written since these allegations contain, or call for, a legal conclusion on a substantive issue of law and/or fact. Further, Selective submits that the SFIP contains many terms and conditions. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied.

13.     The allegations contained in paragraph 13 are admitted only to the extent that documents purporting to be a proof of loss was submitted to Selective. All other allegations are denied. Further, Selective submits that the SFIP contains many terms and conditions, including, but not limited to, the requirements for properly submitting a claim. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied.

14.     The allegations contained in paragraph 14 are admitted only to the extent that documents purporting to be a proof of loss was submitted to Selective. All other allegations are denied. Further, Selective submits that the SFIP contains many terms and conditions, including, but not limited to, the requirements for properly submitting a claim. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied.

- 4 -

15. The allegations contained in paragraph 15 are admitted only to the extent the amount of 131,685.36 was paid and accepted on the claim submitted. All other allegations are denied.

16. The allegations contained in paragraph 16 are denied.

17. The allegations contained in paragraph 17 are denied.

18. In response to the allegations contained in paragraph 18, Selective re-avers the above responses 1 through 17..

19. The allegations contained in paragraph 19 are admitted only to the extent that LUMIRAM ELECTRIC CORPORATION (LUMIRAM) had a Standard Flood Insurance Policy ("SFIP") in effect from October 14, 2006 to October 14, 2007. This policy was issued through Selective, numbered FLD 1131115, and underwritten by the NFIP. All other allegations are denied. Further, Selective submits that the SFIP contains many terms and conditions. The SFIP is the best evidence of those terms and conditions. Any allegation contrary to those terms and conditions are expressly denied.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are denied.

23. The allegations contained in paragraph 23 are denied.

24. The allegations contained in paragraph 24 are denied.

25. The allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied.

27. In response to the allegations contained in paragraph 27, Selective re-avers the above responses 1 through 26.

28.     The allegations contained in paragraph 28 are denied. Further, all of the Plaintiffs' extra-contractual claims set forth in their Complaint are preempted and/or barred by federal constitutional, statutory, and regulatory law.

29.     The allegations contained in paragraph 29 are denied.

30.     In response to the allegations contained in paragraph 30, Selective re-avers the above responses 1 through 29.

31.     The allegations contained in paragraph 31 are denied. Further, all of the Plaintiffs' extra-contractual claims set forth in their Complaint are preempted and/or barred by federal constitutional, statutory, and regulatory law.

## AFFIRMATIVE DEFENSES

AND NOW comes Defendant, Selective, who asserts the following affirmative defenses:

### JURISDICTION AND VENUE

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. 4072 and 44 C.F.R. Pt. 61, App. A(2), Art. VII(R). Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. 1331. There is no concurrent jurisdiction in state court over claims against the WYO program carrier.[5] Jurisdiction over any state law claims exists pursuant to 28 U.S.C. 1367.

### NO CAUSE OF ACTION

---

[5] See *Seibels Bruce Ins., supra.*

The Plaintiffs' Complaint fails to set forth any claim upon which relief may be granted by this Honorable Court.

## NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the NFIP. To the extent that Plaintiffs seek any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

## NO DIRECT PHYSICAL LOSS BY FLOOD

The insured contents do not evidence physical changes that would have been directly caused by flooding. As such, no coverage is afforded for the purported damages at bar.

## FAILURE TO COOPERATE

Defendant, Selective, assigned Southern Adjusting to assist the Plaintiffs in presenting their flood losses. They requested that Plaintiffs submit documentation to support their claims. Plaintiffs have not provided the requested documentation. See Article VIII(J)(6). As such, Plaintiffs have breached the policy of flood insurance.

## FAILURE TO DOCUMENT LOSSES

Moreover, Article VII(J)(3) requires that the insured prepare an inventory of the damaged property <u>and</u> attach all bills, receipts, and related documents. Plaintiffs have failed to provide all bills, receipts, and related documents. Thus, plaintiffs have breached the policy of flood insurance.

## ALLEGED DAMAGES ARE EXCLUDED

The insured structure evidences damages caused by rain and/or wind-driven rain. Such causes are excluded by the Flood Policy at Article V.

## WAIVERS

NFIP has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. 61.13(d), 62.23(k), and SFIP Article VII(D). Defendant affirmatively pleads that it cannot legally waive program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of the NFIP's requirements for NFIP claims disputes. Respectfully, Defendant asserts that this Court is subject to the exact same limitations.

## NO DETRIMENTAL RELIANCE

Plaintiffs cannot rely on any alleged misrepresentations of the Defendant or any other person, whether an employee of Defendant or otherwise. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. United States Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, the NFIP's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. 61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(2), Art. VII(J)(5), (7), and (8).

## THE INSURING AGREEMENT

The responsibilities of the WYO program carrier to the Insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(2) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the

NFIP, for they agreed to be bound by all program rules as a condition of the policies of flood insurance purchased.

## CHARGED WITH KNOWLEDGE

The Plaintiffs are charged with the knowledge of the terms and conditions of the SFIP and the requirements under the NFIP as a matter of federal law.

## DUTIES OF THE INSURED

Plaintiffs are responsible for reading its SFIP, as well as any renewal notices, and is presumed to know the provisions of its policies, including the limits of liability.

## FISCAL AGENT STATUS

By statute, the Defendant is the fiscal agent of the United States. 42 U.S.C. 4071(a)(1). By regulation, Defendant's fiduciary duty is owed to the NFIP, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. 62.23(f). Also by regulation, all company claim standards are subordinate to the NFIP's nationally uniform and preset claims standards that the NFIP has devised on authority of 42 U.S.C. 4019. Those standards govern all of the WYO program companies and all of the insureds in a nationally uniform manner.

## NO JURY

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

## NO MEETING OF THE MINDS

To the extent that the Plaintiffs contest the above affirmative defenses, or otherwise dispute any of the terms, conditions, or limits of its SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event,

Defendant prays that the Court order the return by the Plaintiffs of any amounts previously paid under its SFIP, and the Defendant thereupon reimburse to the Plaintiffs the premium payments for the policy term in effect on the date of loss.

## THE SFIP IS NOT A VALUED POLICY

A valued policy is a policy in which the insured and the insurer agree on the value of the property insured, that value being payable in the event of a total loss. The SFIP is not a valued policy as per Article II(B)(28).

## CONDITIONS PRECEDENT

Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(2), Art. VII, each provision of which is expressly pleaded herein by reference.

## LIMITED SCOPE OF COVERAGE

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. 4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available

under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(2).

## LIMITATIONS AND EXCLUSIONS

Some or all of the claims of the Plaintiffs are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. 4013, and set forth in 44 C.F.R. Pt. 61, App. A(2), all as more fully set out in Article V of the SFIP, each provision and subpart of which is expressly pleaded herein by reference. Moreover, the SFIP provides coverage limited to the specific provisions set forth in Article III, and it does not provide coverage for those specific items expressly listed in Article IV, all of which must be strictly construed. Additionally, Defendant avers those limitations of coverage set forth in Article VII of the SFIP.

SPECIFIC EXCLUSIONS

Defendant asserts that the damages sought by the Plaintiffs are expressly excluded under Article V of the SFIP. Specifically, Article V of the SFIP provides in pertinent part:

> A. We only provide coverage for direct physical loss by or from flood, which means that we do not pay you for:
>
> 1. Loss of revenue or profits;
> 2. Loss of access to the insured property or described location;
> 3. Loss of use of the insured property or described location;
> 4. Loss from interruption of business or production;
> 5. Any additional expenses incurred while the insured building is being repaired or is unable to be occupied for any reason;
> 6. The cost of complying with any ordinance or law requiring or regulating the construction, demolition, remodeling, renovation or repair property, including removal of any resulting debris. This exclusion does not apply to any eligible activities that we describe in coverage D - Increased Costs of Compliance; or
> 7. Any other economic loss you suffer.

CAUSATION

Some or all of the damages claimed by the Plaintiffs are the result of causes not within the scope of the SFIP, including damage that was caused by non covered perils (such as wind or wind driven rain). Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

DUTIES OF THE ADJUSTER

The insurance adjuster is provided as a courtesy only and he or she may provide the insured with a proof of loss form and may assist the insured in completing it. However, it is the insured's duty to comply with the proof of loss requirement even if the adjuster does not provide the form or help in completing it. Further, the insurance adjuster is not authorized to approve or disapprove claims or whether the WYO carrier will approve the insured's claim.

## GOVERNANCE OF NFIP'S GUIDELINES

Defendant is a signatory to the NFIA, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and is authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under Defendant's logo. Defendant agrees to abide by all rules and regulations promulgated by the Federal Insurance Administration and the NFIP when it issues a SFIP. Defendant does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the flood program. The Federal Insurance Administrator is the sole authority.

## NO IMPUTED FAULT

Given the various federal principles outlined within this Answer, Defendant asserts that Plaintiffs have no viable claim for relief against this Defendant. In addition, Plaintiffs have no viable claim for relief against any other persons, entities or parties. However, in the alternative, Defendant asserts that any claim of imputed fault where Plaintiffs allege that Defendant should be cast in judgment under any theory of imputed fault arising under state law for the acts or omissions of another, is precluded by federal law. As a matter of federal law, the WYO carrier is the fiscal agent and fiduciary of the United States. See 42 U.S.C. 4071(a)(1), 44 C.F.R. 61.5(e), and 44 C.F.R. 62.23(f).

## CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As

the states have no power to regulate the NFIP via the congressional tender found in the McCarren Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of its WYO program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in Chevron v. Natural Resources Defense Council, 104 S.Ct. 2778 (1984).

## EXTRA-CONTRACTUAL CLAIMS

Defendant avers that all of the Plaintiffs' extra-contractual claims set forth in its Complaint are preempted and/or barred by federal constitutional, statutory, and regulatory law.

## PRIOR PAYMENTS

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYEES

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, e.g. SBA, that are entitled to have its interests protected on any further checks, then those requirements are pleaded herein as well.

## RESERVATION OF RIGHTS

To the extent permitted by law, Selective reserves the right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Defendant, Selective, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had that there be judgment herein dismissing all claims of the Plaintiffs against Defendant, with prejudice, and at the Plaintiffs' costs.

Dated: New York, New York
       August 15, 2008

                Respectfully submitted,

                SMITH MAZURE DIRECTOR
                WILKINS, YOUNG & YAGERMAN, P.C.

                By: _____
                     JOEL M. SIMON (JMS 1077)
                     FOR THE FIRM
                     Attorneys for Defendant
                     Selective Insurance Company of New York
                     111 John Street - 20th Floor
                     New York, New York 10030
                     (212) 964-7400
                     Our File: SFI-00106

## CERTIFICATE OF SERVICE

JOEL M. SIMON, hereby certifies that on August , 2008 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

I further certify that I mailed the foregoing document and the notice of electronic filing by facsimile and first-class mail to the following non-CM/ECF participants:

```
MCDONNELL & ADELS, P.C.
5 Dakota Drive, Suite 107
Lake Success, NY 11042
(516) 328-3500
Attorney for Plaintiff
Lumiram Electric Corporation
File: Please Advise
```

Dated: New York, New York
      August 4, 2008

*Yours, etc.,*

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.

By: _____
    JOEL M. SIMON (JMS 1077)
FOR THE FIRM
Attorneys for Defendant
Selective Insurance Company of New York
111 John Street, 20th Floor
New York, NY 10038-3198
(212) 964-7400
Our File No. SFI-00106JMS

JMS/dln
840428.wpd

- 16 -

INDEX NO. 08 CIV. 6189

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LUMIRAM ELECTRIC CORPORATION,

                                      Plaintiff,

-against-

SELECTIVE INSURANCE COMPANY,

                                      Defendant.

ANSWER

**SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.**
Attorneys for Defendant
Selective Insurance Company of New York
111 John Street, 20th Floor
New York, NY 10038-3198
(212) 964-7400
SFI-00106/JMS

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a**

    JOEL M. SIMON hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing verified answer is not frivolous nor frivolously presented.

Dated:   New York, New York
          August 4, 2008

                                       JOEL M. SIMON

*PLEASE TAKE NOTICE*

☐    that the within is a true copy of a     entered in the office of the clerk of the within named Court on

☐    that a     of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court at     , on at 9:30 a.m.

                            **SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.**
                            Attorneys for Defendant
                            Selective Insurance Company of New York
                            111 John Street, 20th Floor
                            New York, NY 10038-3198
                            (212) 964-7400
                            Our File No. SFI-00106/JMS

JMS//dln
840428.wpd